IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**GULFSIDE CASINO PARTNERSHIP**                                                      **PLAINTIFF**

VS.                                         NO. 4:24-cv-592-LPR

**CHEROKEE NATION BUSINESSES, LLC;
CHEROKEE NATION ENTERTAINMENT, LLC;
POPE COUNTY JUDGE BEN CROSS IN HIS
OFFICIAL CAPACITY; THE POPE COUNTY
QUORUM COURT; JUSTICES OF THE PEACE
PHILLIP HANEY, MARGARET MOTLEY,
TIM WHITENBURG, RONNIE WILBANKS,
JACKIE HEFLIN, MARY METZ-BLAYLOCK,
BLAKE TARPLEY, AARON CAROTHERS,
BILL SPARKS, ALLAN GEORGE, LANE SCOTT,
JORDAN SOWERS, AND DAVID IVY, IN THEIR
OFFICIAL CAPACITIES AS MEMBERS OF THE
POPE COUNTY QUORUM COURT; THE ARKANSAS
RACING COMMISSION**                                                                  **DEFENDANTS**

**ANSWER OF DEFENDANTS CHEROKEE NATION BUSINESSES, LLC AND
CHEROKEE NATION ENTERTAINMENT, LLC**

COME NOW Cherokee Nation Businesses, LLC ("CNB") and Cherokee Nation Entertainment, LLC ("CNE"), by and through counsel McDaniel Wolff, PLLC, and for their *Answer* state as follows:

1.      CNB and CNE state that Exhibit 1 speaks for itself and deny all remaining allegations set forth in Paragraph 1 of Gulfside's Complaint. Pleading affirmatively, CNB and the citizens of Pope County, Arkansas by and through the Pope County Judge Ben Cross negotiated and entered into an Economic Development Agreement ("EDA") on August 13, 2019.

2.      CNB and CNE state that Exhibits 2 and 3 speak for themselves and deny all remaining allegations set forth in Paragraph 2 of Gulfside's Complaint. Pleading affirmatively, Pope County Judge Ben Cross issued a letter of support for CNE to obtain the Pope County casino

1

gaming license and the Pope County Quorum Court passed a resolution of support for CNE to obtain the Pope County casino gaming license. On June 6, 2024, Gulfside made a presentation to the Quorum Court and Judge Cross and offered its own Economic Development Agreement. The Quorum Court held a vote on a resolution of support for Gulfside and it failed.

       3.      CNB and CNE are without sufficient information to admit or deny the allegation of Gulfside's status as partnership, and therefore deny the same. CNB and CNE deny the remaining allegations set forth in Paragraph 3 of Gulfside's Complaint. Pleading affirmatively, Gulfside applied for the Pope County casino license in 2019 and was briefly and erroneously awarded the license in 2020, until the Arkansas Supreme Court determined Gulfside did not have the necessary county support from the current county judge and thus was an unqualified applicant. The ARC voided Gulfside's license and issued the Pope County casino license to Legends, an Arkansas LLC of which CNB is the sole member. As stated in more detail below and in the Motion to Dismiss filed simultaneously herewith, Gulfside sued to void Legend's license and successfully argued to the Arkansas Supreme Court that the EDA and its exclusivity provision did not prevent Gulfside from curing its deficiency, specifically its lack of a letter or resolution of support as required by Amendment 100. In 2024, Gulfside again applied for the Pope County casino license and that application was rejected as it lacked a letter of support from the county judge, a resolution of support from the quorum court, and a letter of support from Russellville Mayor Fred Teague.

       4.      CNB and CNE admit the allegations in Paragraph 4 of Gulfside's Complaint.

       5.      CNB and CNE admit the allegations in Paragraph 5 of Gulfside's Complaint. However, CNE is no longer merely an applicant for the Pope County casino gaming license. CNE possesses the Pope County casino gaming license. *See* Exhibit A.

       6.      CNB and CNE admits that Ben Cross is the elected Pope County Judge and a

signatory to the EDA on behalf of Pope County. CNB and CNE deny all remaining allegations in Paragraph 6 of Gulfside's Complaint. Pleading affirmatively, nothing in Amend.100 contemplates the number of resolutions or letters of support that must be issued. Moreover, Amend. 100 §4 places no requirements on the county judge or quorum court to issue a letter or resolution of support; rather, the requirement is on the casino applicants to submit either a letter of support from the county judge or a resolution from the quorum court.

7. CNB and CNE admit that Justices Haney, Motley, Whittenburg, Wilbanks, Heflin, Metz-Blaylock, Tarpley, Carothers, Sparks, George, Scott, Sowers, and Ivy are duly elected members of the Pope County Quorum Court, which is the legislative body for Pope County. CNB and CNE deny all remaining allegations in Paragraph 7 of Gulfside's Complaint. Pleading affirmatively, nothing in Amend.100 contemplates the number of resolutions or letters of support that must be issued. Moreover, Amend. 100 §4 places no requirements on the quorum court to issue a letter of support; rather, the requirement is on the casino applicants to submit either a letter of support from the county judge or a resolution from the quorum court.

8. CNB and CNE admit the allegations in Paragraph 8 of Gulfside's Complaint.

9. Regarding paragraph 9, CNB and CNE plead affirmatively that the Court has diversity jurisdiction over the parties, but that the Court lacks jurisdiction over the subject matter of this suit as Gulfside failed to exhaust the administrative remedies available to it.

10. CNB and CNE state Ark. Code Ann. §§ 16-60-101(e) and 16-60-104(3)(A) speak for themselves and deny the remaining allegations in Paragraph 10 of Gulfside's Complaint. Pleading affirmatively, this Court has diversity jurisdiction and venue is appropriate in the United States District Court, Eastern District of Arkansas.

11. CNB and CNE admit the allegations in Paragraph 11 of Gulfside's Complaint.

12.     Regarding Paragraph 12 of Gulfside's Complaint, CNB and CNE state Ark. Const. Amend. 100 speaks for itself.

13.     CNB and CNE state Ark. Const. Amend. 100 speaks for itself and deny the remaining allegations in Paragraph 13 of Gulfside's Complaint. Pleading affirmatively, there is no provision in Amendment 100 requiring a quorum court or county judge to issue more than one resolution or letter of support. Moreover, if a proposed casino is to be located within a city or town, the applicant must also include a letter of support from the mayor in the city or town where the applicant is proposing the casino to be located. Gulfside's 2024 application proposed a casino within the city limits of Russellville, AR but contained no letter of support from the county judge, no resolution from the quorum court, and no letter of support from the mayor of Russellville.

14.     Regarding Paragraph 14 of Gulfside's Complaint, Gulfside was erroneously awarded the Pope County casino licensing in 2019, despite lacking support from the current Pope County Judge and the Quorum Court. The Arkansas Supreme Court ultimately held that Gulfside did not have the required letter of support and thus was an unqualified applicant. *See Cherokee Nation Businesses, LLC v. Gulfside Casino P'ship*, 2021 Ark. 183, 632 S.W.3d 284 (2021). CNB and CNE deny any remaining allegations.

15.     Regarding Paragraph 15 of Gulfside's Complaint, CNB and CNE state Arkansas case law, including decisions issued by the Arkansas Supreme Court, speaks for itself.

16.     Regarding Paragraph 16, CNB and CNE state Arkansas case law, including decisions issued by the Arkansas Supreme Court, speaks for itself. Pleading affirmatively, Gulfside refers to Case No. CV-23-50, in which Gulfside, as stated in more detail below and in the Motion to Dismiss filed simultaneously herewith, successfully argued that the EDA and its exclusivity provision did not prevent Gulfside from curing its deficiency, specifically its lack of a letter or

resolution of support as required by Amendment 100. *See Cherokee Nation Businesses, LLC v. Gulfside Casino P'ship*, 2023 Ark. 153, 676 S.W.3d 368 (2023), reh'g denied (Jan. 11, 2024).

17. CNB and CNE state Exhibit 1 speaks for itself and deny any remaining allegations in Paragraph 17 of Gulfside's Complaint that conflict with the plain language of Exhibit1.

18. CNB and CNE state Exhibit 1 speaks for itself and deny the remaining allegations and conclusory statements in Paragraph 18 of Gulfside's Complaint. Pleading affirmatively, as stated by Gulfside in the most recent case before the Arkansas Supreme Court, "Moreover, the [EDA] itself recognizes that the Quorum Court and County Judge may offer their support to any qualified applicant they choose and provides that the [EDA] is voidable if that occurs. Certainly, if a potential applicant makes a more attractive offer to Pope County, the local officials are not constrained by the Agreement and are absolutely free to support another applicant." *See* Brief of Appellee Gulfside Casino Partnership at 29, *Cherokee Nation Businesses, LLC v. Gulfside Casino P'ship*, 2023 Ark. 153, 676 S.W.3d 368 (2023), reh'g denied (Jan. 11, 2024) (Dkt. No. 11). Gulfside was successful in arguing this point, with the Arkansas Supreme Court holding, "[a]lthough [CNB] argue[s] that Gulfside and Choctaw are not qualified applicants because they lack the required letters of support, there is ***nothing*** in the record showing that either Gulfside or Choctaw is prohibited from curing this deficiency once the application period is reopened." *Cherokee Nation Businesses, LLC*, 2023 Ark. at 7-8, 676 S.W.3d at 373 (emphasis added).

19. CNB and CNE deny the allegations and conclusory statements in Paragraph 19 of Gulfside's Complaint. Pleading affirmatively, nothing in Amendment 100 contemplates the number of resolutions or letters of support that must be issued. Moreover, Gulfside alleges that CNB's EDA eliminates a competitive environment, but as stated above, Gulfside has already argued successfully otherwise and that it could cure its deficiency. Further, pleading affirmatively

5

the doctrine of unclean hands, Gulfside alleges the CNB EDA is an "effort to coerce county officials to exercise a constitutional duty in a particular way through the payment of money for the public benefit." CNB and CNE denies any coercion, but to the extent coercion is found, Gulfside likewise proposed an EDA in an effort to coerce county officials to exercise a constitutional duty in a particular way through the payment of money for the public benefit.

20. CNB and CNE admit Pope County Judge Ben Cross issued a letter of support for CNE to obtain the Pope County casino gaming license, state the EDA speaks for itself, and deny all remaining allegations and conclusory statements in Paragraph 20 of Gulfside's Complaint.

21. CNB and CNE admit the Pope County Quorum Court passed a resolution of support for CNE to obtain the Pope County casino gaming license, state the EDA speaks for itself, and deny all remaining allegations and conclusory statements in Paragraph 21 of Gulfside's Complaint.

22. CNB and CNE state Exhibit 5 speaks for itself and denies all remaining allegations in Paragraph 22 of Gulfside's Complaint. Pleading affirmatively, as stated in more detail below and in the Motion to Dismiss filed simultaneously herewith, Gulfside successfully argued that the EDA and its exclusivity provision did not prevent Gulfside from curing its deficiency, specifically its lack of a letter or resolution of support as required by Amendment 100. Gulfside's presentation to the Quorum Court is an admission that it could cure its deficiency.

23. CNB and CNE deny the allegations and conclusory statements in Paragraph 23 of Gulfside's Complaint. Pleading affirmatively, Gulfside has provided no facts or evidence to support its claims that the exclusivity agreement has prevented them from garnering local support. Moreover, in the past, Gulfside has been quite vocal that Pope County could issue a letter of support to any applicant and negotiate a "better deal" than the CNB EDA. To put it in Gulfside's own words, "[i]f the Court finds that Legends was not qualified and that their license is void, the

Racing Commission's going to have to open a new application period at which time the Pope County – County Judge and quorum court will be free to give a letter of support or resolution in support to whomever they chose." Oral Argument at 32:51, *Cherokee Nation Businesses, LLC v. Gulfside Casino P'ship*, 2023 Ark. 153, 676 S.W.3d 368 (2023), reh'g denied (Jan. 11, 2024), https://arkansas-sc.granicus.com/MediaPlayer.php?view_id=4&clip_id=1539. Pope County chose CNE.

24. CNB and CNE are without sufficient knowledge as to the actions of non-applicants and deny the allegations in Paragraph 24 of Gulfside's Complaint. Pleading affirmatively, Exhibits 6 and 7 do ***not*** state that Churchill Downs, a third party who failed to even submit an application, was "advised that no other letters of support or resolutions of support would be issued because of CNB EDA's exclusivity requirement." The Exhibits make no mention of the EDA or being denied support because of an exclusivity clause and pleading to the Court otherwise is inaccurate and improper.

25. CNB and CNE deny the allegations and conclusory statements in Paragraph 25 of Gulfside's Complaint. Pleading affirmatively, CNB and Pope County negotiated the EDA freely and fairly. The EDA is valid under both the Constitution of the State of Arkansas and under statutory law. Nothing in Amendment 100 prohibits or even references EDAs or contract exclusivity provisions. Further, as provided by Arkansas Constitution, Amendment 55, § 1, Part (a), "a county government, acting through its county quorum court, may exercise local legislative authority not expressly prohibited by the Arkansas Constitution or by law for the affairs of the county." Ark. Code Ann. § 14-14-801(a). Moreover, the Arkansas Supreme Court agreed with Gulfside in October 2023 that the EDA did not prevent Gulfside from receiving county support. Now, because it failed to curry favor with the county, Gulfside argues the opposite.

26. CNB and CNE admit the allegations in Paragraph 26 of Gulfside's Complaint.

27. The preceding paragraphs of this Answer are re-alleged and incorporated by reference as if set forth word for word herein.

28. CNB and CNE state Ark. Code Ann. § 16-111-102 speaks for itself and deny the remaining allegations in Paragraph 28 of Gulfside's Complaint. Pleading affirmatively, Gulfside has no interest under the written contract. It is not privy to the contract, nor are its interests impacted by the EDA. Gulfside has insisted, and the Arkansas Supreme Court has agreed, Gulfside could obtain county support even with the CNB EDA in place.

29. CNB and CNE deny the allegations and conclusory statements in Paragraph 29 of Gulfside's Complaint.

30. CNB and CNE deny the allegations in Paragraph 30 of Gulfside's Complaint.

31. CNB and CNE deny the allegations and conclusory statements in Paragraph 31 of Gulfside's Complaint.

32. CNB and CNE deny that Gulfside is entitled to the relief sought in the Wherefore Paragraph and its subsections 1–4.

33. CNB and CNE generally and specifically deny each and every allegation in the Complaint not otherwise expressly admitted herein.

## **Affirmative Defenses**

34. CNB and CNE adopt and incorporate all arguments put forth in their Motion to Dismiss and Incorporated Brief in Support as if alleged herein. The Motion and Brief have been filed simultaneously with this Answer.

35. Gulfside's claims are barred by issue preclusion, claim preclusion, and judicial estoppel to the extent that they have asserted their claims or causes of action in any other claim,

action, or proceeding that has been resolved. Addressing judicial estoppel, Gulfside argued to the Arkansas Supreme Court that the EDA did not bar it from obtaining county support. The Arkansas Supreme Court agreed and issued a ruling to that effect in October 2023. Now Gulfside is assuming an inconsistent position, specifically that the EDA did bar it from obtaining county support. Gulfside adopts this position with the intent to manipulate the courts to gain an unfair advantage, specifically to void CNE's license in hopes of getting a third bite at the application process and does so to the detriment of judicial integrity. As a result, Gulfside's claims are barred by judicial estoppel.

36. Gulfside's claims are similarly barred by issue and claim preclusion. Addressing issue preclusion, Gulfside has already litigated the issue of the EDA and its impact on Gulfside's ability to obtain county support, the Arkansas Supreme Court issued a valid and final judgment holding that the EDA did not stop Gulfside from obtaining support, and that determination was essential to the earlier judgment as it was used to establish Gulfside's standing to challenge Legend's license in 2023. Turning next to claim preclusion, Gulfside is attempting to relitigate the same contract with the same defendants and privies to get a different conclusion. Arkansas law says Gulfside is precluded from doing so, and as such, Gulfside's complaint must be dismissed.

37. Gulfside's claims are barred by the applicable statute of limitations. Gulfside is seeking declaratory judgment based on a contract, but not the enforcement or alleged breach of any contract. Ark. Code Ann. § 16-56-105(3) provides that "all actions founded on any contract or liability, expressed or implied" "shall be commenced within three (3) years after the cause of the action accrues." Ark. Code Ann. § 16-56-111(a) provides that "actions to enforce written obligations duties, or rights, shall be commenced within five (5) years after the cause of action accrues." The plain language of the statute is unambiguous: the five-year limitation only applies

to the enforcement of written obligations, duties, or rights. (emphasis added). *See Moody v. Tarvin*, 2016 Ark. App. 169, 4, 486 S.W.3d 242, 244 (2016) (stating that there is a five-year statute of limitations for written obligations, duties, and rights, including breach-of-contract claims). (emphasis added). Gulfside's three years have expired. The statute of limitations begins to run when there is a "complete and present cause of action," which is, absent concealment or wrong, when the "injury occurs, not when it is discovered." *Dye v. Diamante*, 2017 Ark. 42, 9, 510 S.W.3d 759, 765 (2017). Gulfside claims that when a county and a private party enter into a contract which contains an exclusivity provision, such a contract is void; therefore, Gulfside's "injury" is allegedly the executed EDA itself. Accordingly, time began to run when the EDA was signed by the parties in August 13, 2019 and ran out three years later on August 13, 2022, almost two years ago. Therefore, dismissal of Gulfside's Complaint is necessary.

38.   Gulfside's claims are barred by laches, waiver, estoppel, failure to exhaust administrative remedies and any other legal and equitable doctrines or principles constituting an avoidance or affirmative defense. Gulfside knew of the EDA and its' terms long before this suit was filed. The EDA was filed on public record back in August of 2019 and could have been obtained by Gulfside immediately. The EDA has been analyzed and cited numerous times throughout the course of litigation involving the parties and the Pope County casino license. Mention and production of the EDA was made as early as August 15, 2019, at a public ARC meeting (of which counsel for Gulfside was in attendance). The parties, specifically Gulfside, CNB, and the ARC, have litigated extensively since 2019, with the EDA being attached and argued numerous times, but Gulfside only now directly attacks the EDA on the basis of "public policy." Additionally, the detriments to CNE are many, including paying the $250,000.00 application fee, and numerous delays in applying for, let alone obtaining, a casino license. Accordingly, Gulfside's

cause of action is barred by the doctrine of laches, waiver, and estoppel, and its complaint should be dismissed.

39. Gulfside's claims should be dismissed pursuant to Ark. R. Civ. P. 12(b)(6) for failure to state facts upon which relief may be granted.

40. Gulfside's claims alleged against CNB and CNE are barred by the fault of other parties or actors for whom Defendants are not responsible.

41. Gulfside's claims are barred by the doctrine of unclean hands.

42. Gulfside is without standing to assert the claims in the Complaint. "Only a claimant who has a personal stake in the outcome of a controversy has standing." *Nelson v. Arkansas Rural Med. Practice Loan & Scholarship Bd.*, 2011 Ark. 491, 11, 385 S.W.3d 762, 769 (2011). A litigant must have standing to bring a declaratory judgment action. *Id.* As discussed previously, the Arkansas Supreme Court found Gulfside had standing to challenge the ARC's decision to grant a license to another entity because if the Supreme Court voided the license, Gulfside had the opportunity to cure its lack of county support. *See Cherokee Nation Businesses, LLC*, 2023 Ark. at 7-8, 676 S.W.3d at 373. That opportunity has come and gone, and Gulfside still does not have the required support from Pope County. Further, Gulfside has failed to plead any facts that establish it has a personal stake in a contract to which it has no privity. Moreover, if a proposed casino is to be located within a city or town, the applicant must also include a letter of support from the mayor in the city or town where the applicant is proposing the casino to be located. Gulfside's 2024 application proposed a casino within Russellville but contained no letter of support from the county judge, no resolution from the quorum court, and no letter of support from the mayor of Russellville. The mayor of Russellville is not party to the EDA, nor has Gulfside alleged that the EDA in anyway prevented it from obtaining city support. This means, even adopting the favorable standing ruling

granted to Gulfside last October in regard to county support, Gulfside would still not be a qualified applicant for the Pope County casino license and does not have standing to challenge the issuance of the license to CNE.

43. Gulfside's claims should be dismissed for mootness.

44. CNB and CNE affirmatively state the Court lacks subject matter jurisdiction over this action as it failed to exhaust all administrative remedies available to it. Gulfside is challenging not only the EDA in this matter, but also challenges the validity of the letters of support and the ARC's issuance of the Pope County casino license. In short, it has sued the ARC for issuing the license to someone other than Gulfside. Ark. Casino Gaming Rules 2.13(12) and 2.13(18) outlines an administrative remedy to address such a grievance, specifically a hearing request. Gulfside has submitted no such request, and by failing to exhaust that administrative remedy, has rendered this court without jurisdiction to hear this matter.

45. CNB and CNE assert and reserve the right to file an amended answer or other appropriate pleading to allege any affirmative defenses or claims that might be available to them.

WHEREFORE, Defendants Cherokee Nation Businesses, LLC and Cherokee Nation Entertainment, LLC, pray that the Complaint filed against them be dismissed; for costs; for attorney's fees; and for any and all other just and proper relief to which these Defendants may be entitled.

Respectfully submitted,

Bart W. Calhoun, Ark. Bar. No. 2011221
Scott P. Richardson, Ark Bar No 2001208
Brittany D. Webb, Ark Bar No 2023139
Lauren E. McCauley, Ark Bar No 2023140
**McDaniel Wolff, PLLC**
1307 West Fourth Street
Little Rock, AR  72201
Phone:  501.954.8000
Fax:     866.419.1601
bart@mcdanielwolff.com
scott@mcdanielwolff.com
bwebb@mcdanielwolff.com
lmccauley@mcdanielwolff.com

*Attorneys for Cherokee Nation Businesses, LLC and Cherokee Nation Entertainment, LLC*