IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**GULFSIDE CASINO PARTNERSHIP**                                    **PLAINTIFF**

VS.                                    NO. 4:24-CV-592-LPR

**CHEROKEE NATION BUSINESSES, LLC;
CHEROKEE NATION ENTERTAINMENT, LLC;
POPE COUNTY JUDGE BEN CROSS IN HIS
OFFICIAL CAPACITY; THE POPE COUNTY
QUORUM COURT; JUSTICES OF THE PEACE
PHILLIP HANEY, MARGARET MOTLEY,
TIM WHITENBURG, RONNIE WILBANKS,
JACKIE HEFLIN, MARY METZ-BLAYLOCK,
BLAKE TARPLEY, AARON CAROTHERS,
BILL SPARKS, ALLAN GEORGE, LANE SCOTT,
JORDAN SOWERS, AND DAVID IVY, IN THEIR
OFFICIAL CAPACITIES AS MEMBERS OF THE
POPE COUNTY QUORUM COURT; THE ARKANSAS
RACING COMMISSION**                                    **DEFENDANTS**

## CHEROKEE NATION BUSINESSES, LLC AND CHEROKEE NATION ENTERTAINMENT, LLC'S MOTION TO DISMISS COMPLAINT

Cherokee Nation Businesses, LLC ("CNB") and Cherokee Nation Entertainment, LLC ("CNE"), by and through counsel McDaniel Wolff, PLLC, state as follows for their *Motion to Dismiss Complaint*:

1. In his final days in office during 2018, the prior Pope County Judge issued a legally ineffective letter nominally supporting Gulfside Casino Partnership ("Gulfside") for the Pope County casino license that was opened by Amendment 100 to the Arkansas Constitution. Ben Cross, the newly elected Pope County Judge, had a choice to make when he took office in January of 2019: continue support for Gulfside or support one or more of the other suitors for the license. During the spring and summer of 2019, Judge Cross met with and

1

heard proposals from potential operators, including Gulfside and CNB. Judge Cross decided that he would support CNB and only CNB.

2. Consistent with that decision, Judge Cross negotiated and Economic Development Agreement ("EDA") with CNB that promised to provide significant benefits to Pope County. On August 13, 2024, Judge Cross and CNB finalized that agreement. In addition to his support and after the execution of the EDA, the Pope County Quorum Court issued a resolution of support for CNB's subsidiary CNE as well.

3. Now, nearly five years after execution of the August 13, 2019 EDA, Gulfside has filed a lawsuit challenging Pope County's execution of such. This lawsuit should be dismissed for a variety of reasons.

4. First, Gulfside's complaint is subject to Arkansas's three-year statute of limitations. It began to run once the EDA was executed, meaning the deadline for Gulfside to challenge Pope County's authority to enter the EDA was August 13, 2022. Gulfside's complaint almost two years later is barred by the statute of limitations and should be dismissed.

5. Second, Gulfside claims here that the EDA means it could never obtain Pope County's support for its casino application. But, in prior litigation Gulfside successfully argued that it had standing because, despite the EDA, Gulfside could obtain Pope County's support. Arkansas law does not allow Gulfside to take such inconsistent positions in litigation.

6. Third, having argued and won arguments on its ability to obtain Pope County's support for its casino application, Gulfside's claim here is barred by both issue and claim preclusion.

7. Fourth, the doctrine of laches applies here with full force. Gulfside saved this claim until the utter last moment, while Pope County, CNB, and the ARC all took actions

based (in part) on Gulfside's silence. Gulfside's last minute challenge should be dismissed under the laches doctrine.

8. Fifth, having failed again to convince Pope County that it is worthy of the Judge or the Quorum Court's support, Gulfside lacks standing to continue to challenge the ARC's issuance of the Pope County casino license. Going even further, Gulfside, because its proposed project would be located within the city limits of Russellville, AR, was required by Amendment 100 to tender a letter of support from the Mayor of Russellville. It failed to do so. It also lacks standing to challenge a contract to which it is not a party.

9. Sixth, the ARC has a process by which Gulfside could challenge the casino licensing decision. But, it chose not to do so. That decision means that Gulfside failed to exhaust its administrative remedies, and its case should be dismissed.

10. Seventh, Gulfside's argument on the merits is simply wrong. Pope County (both its County Judge and Quorum Court) have wide discretion to enter into contracts with private entities. Gulfside fails to point to any Arkansas law holding that the County could not enter the EDA. Certainly Amendment 100 grants Pope County wide latitude in deciding who to support and how it will lend that support for the casino license. As such, Gulfside's complaint should be dismissed.

11. CNB and CNE request that Gulfside's claims be dismissed pursuant to Ark. R. Civ. P. 12(b)(6) for failure to state facts upon which relief can be granted.

12. In the alternative, to the extent the Court relies upon any allegations and attachments in CNB and CNE's Answer filed simultaneously herewith, CNB and CNE request this Court render a judgment on the pleadings in Defendants' favor.

WHEREFORE, CNB and CNE pray that this Court grant its Motion to Dismiss, or alternatively grant judgment on the pleadings, for attorney's fees and costs, and for all other proper relief.

RESPECTFULLY SUBMITTED,

Bart W. Calhoun, Ark. Bar. No. 2011221
Scott P. Richardson, Ark Bar No 2001208
Brittany D. Webb, Ark Bar No 2023139
Lauren E. McCauley, Ark Bar No 2023140
**McDaniel Wolff, PLLC**
1307 West Fourth Street
Little Rock, AR  72201
Phone:  501.954.8000
Fax:    866.419.1601
bart@mcdanielwolff.com
scott@mcdanielwolff.com
bwebb@mcdanielwolff.com
lmccauley@mcdanielwolff.com

*Attorneys for Cherokee Nation Businesses, LLC and Cherokee Nation Entertainment, LLC*