IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| GULFSIDE CASINO PARTNERSHIP,          )<br>                                                                 )<br>       Plaintiff,                                        )<br>                                                                 )<br>v.                                                             )      Case No. 4:24-cv-592-LPR<br>                                                                 )<br>CHEROKEE NATION BUSINESSES, LLC;   )<br>CHEROKEE NATION ENTERTAINMENT, LLC; )<br>POPE COUNTY JUDGE BEN CROSS IN HIS )<br>OFFICIAL CAPACITY; THE POPE COUNTY )<br>QUORUM COURT; JUSTICES OF THE PEACE )<br>PHILLIP HANEY, MARGARET MOTLEY,      )<br>TIM WHITENBURG, RONNIE WILBANKS,    )<br>JACKIE HEFLIN, MARY METZ-BLAYLOCK, )<br>BLAKE TARPLEY, AARON CAROTHERS,      )<br>BILL SPARKS, ALLAN GEORGE, LANE SCOTT, )<br>JORDAN SOWERS, AND DAVID IVY, IN THEIR )<br>OFFICIAL CAPACITIES AS MEMBERS OF THE )<br>POPE COUNTY QUORUM COURT; THE ARKANSAS )<br>RACING COMMISSION,                                  )<br>                                                                 )<br>       Defendants.                                    ) | |

**BRIEF IN SUPPORT OF MOTION FOR REMAND**

Gulfside Casino Partnership, Plaintiff, files this Brief in Support of Motion for Remand and shows as follows.

### I.    This Matter Should Be Remanded to State Court, as This Court Lacks Subject-Matter Jurisdiction.

There is not complete diversity of citizenship, as the Arkansas Racing Commission ("Racing Commission"), an agency of the State of Arkansas, is not a citizen of any state. Without complete diversity, this Court lacks subject-matter jurisdiction. Therefore, the case should be remanded to state court.

In their Notice of Removal, Cherokee Nation Businesses, LLC ("CNB"), and Cherokee Nation Entertainment, LLC ("CNE"), state that this Court has subject-matter jurisdiction, alleging as follows, "Accordingly, this Court has original jurisdiction under 28 U.S.C. § 1332 because: (1) there is complete diversity of citizenship; and (2) Plaintiff seeks damages in excess of the $75,000 jurisdictional threshold." *See* Notice of Removal, ECF No. 1, ¶16.  That statement is incorrect.  This Court does not have jurisdiction because the Racing Commission, an agency of the State of Arkansas, is a party.  It is well established that a state is not a "citizen" of any state, and, thus, it follows that when a state is a real party in interest, the case cannot be removed on the basis of diversity jurisdiction.  *See, e.g., Curators of Univ. of Missouri v. Corizon Health, Inc.*, 627 F. Supp. 3d 1030 (W.D. Mo. 2022).  Simply put, the Racing Commission's involvement as a party defeats diversity.  Without complete diversity, this Court lacks subject-matter jurisdiction, and the case must be remanded.

The Racing Commission is "an agency of the state government of Arkansas charged by Amendment 100 with the oversight and regulation of casino gaming within the State of Arkansas and authorized to issue casino gaming licenses to qualified applicants." *See* Complaint, ECF No. 2, ¶8.  The Racing Commission was created by statute, Ark. Code Ann. § 23-111-201, and Arkansas courts have recognized that the Racing Commission is a state agency.  *See, e.g., Evans v. Arkansas Racing Comm'n*, 270 Ark. 788, 790, 606 S.W.2d 578, 579 (1980) ("The Arkansas Racing Commission, ***a state agency*** charged with the regulation of Oaklawn, held three hearings in the Evans matter." (Emphasis added.))

The Racing Commission is a real party in interest, as this case seeks to invalidate the casino gaming license issued by the Racing Commission to CNE.  Because the Racing Commission is a party to this action, there is not complete diversity, as required by 28 U.S.C. § 1332, and this Court

2

lacks jurisdiction.  *See, e.g., Wilkerson v. Missouri Dep't of Mental Health*, 279 F. Supp. 2d 1079, 1080 (E.D. Mo. 2003) ("The inclusion of a Missouri state agency as a defendant in this action destroys the required diversity of citizenship."); *S. Dakota State Cement Plant Comm'n for Use & Benefit of State of S.D. v. Wausau Underwriters Ins. Co.*, 778 F. Supp. 1515, 1522 (D.S.D. 1991) ("The State Cement Plant is an arm of the State and not a 'citizen' for the purposes of diversity jurisdiction.")  As complete diversity does not exist, this case must be remanded to the Circuit Court of Pulaski County.

CNB and CNE argue that removal is proper because the forum defendants, the Pope County Judge and Justices of the Peace, were not served at the time the Notice of Removal was filed.[1]  The Eighth Circuit has recently weighed in on this issue in connection with an attempt at "snap removal,"[2] where the removing party argued that removal was proper because the forum defendants had not been served at the time the notice of removal was filed.  However, "Snap removal has nothing to do with the complete-diversity requirement." *M & B Oil, Inc. v. Federated Mut. Ins. Co.*, 66 F.4th 1106, 1109 (8th Cir. 2023).  "[S]ervice does not matter in evaluating the diversity of parties." *Id*. (*citing See Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160–61 (8th

---

[1] CNB and CNE are correct that the Pope County Judge and Justices of the Peace were not served at the time the Notice of Removal was filed. Though it is not relevant to the issues before the Court, counsel for CNB and CNE accepted service of the Summonses and Complaint on July 9, 2024, counsel for the Racing Commission accepted service of the Summons and Complaint on July 16, 2024, and counsel for the Pope County Judge and Justices of the Peace accepted service of the Summonses and Complaint on August 2, 2024.

[2] "Snap removal is a litigation tactic that 'involves defendants removing cases to federal court before plaintiffs serve defendants whose joinder in the suit would defeat diversity jurisdiction.' *Spreitzer Props.*, 2022 WL 1137091, at *4 (quoting *Breitweiser v. Chesapeake Energy Corp.*, No. 3:15-CV-2043-B, 2015 WL 6322625, at *3 (N.D. Texas Oct. 10, 2015)). 'This tactic keys off the words in Section 1441(b)(2) providing that a case 'may not be removed if any of the parties in interest ***properly joined and served*** as defendants is a citizen of the State in which such action is brought.' *Id*. (quoting 28 U.S.C § 1441(b)(2))." *Allison v. Shelton*, No. 1:22-CV-1032, 2022 WL 4245535, at *2 (W.D. Ark. Sept. 15, 2022) (emphasis in original).

Cir. 1981); and 16 James Wm. Moore *et al.*, *Moore's Federal Practice* § 107.52[1] (3d ed. 2023)). Here, there is not complete diversity because the Racing Commission, an arm of the State of Arkansas, is not a citizen of any state. The status of service of process on the forum defendants is irrelevant to the jurisdictional inquiry. As this Court lacks subject-matter jurisdiction, the case must be remanded.

## II. Conclusion

This case is not removable because there is not complete diversity of citizenship. The Racing Commission is not a citizen of any state, and therefore, there cannot be complete diversity. As such, Plaintiff respectfully requests that the Motion for Remand be granted and the case be remanded to the Circuit Court of Pulaski County, Arkansas.

Dated: August 5, 2024.

Respectfully submitted,

Kenneth P. "Casey" Castleberry
Ark. Bar No. 2003109
**CASTLEBERRY LAW FIRM, PLLC**
Post Office Box 7572
Little Rock, Arkansas 72217
(501) 804-8111 – telephone
(501) 335-4592 – facsimile
casey@castleberrylawfirm.com

Lucas Z. Rowan, Ark. Bar No. 2008191
**DODDS, KIDD, RYAN & ROWAN**
313 West 2nd Street
Little Rock, Arkansas 72201
(501) 375-9901 – telephone
(501) 376-0387 – facsimile
lrowan@dkrfirm.com

*Counsel for Plaintiff,*
*Gulfside Casino Partnership*